Tom L. Burnett Cattle Company (A Dissolved Corporation) v. Commissioner.
Tom L. Burnett Cattle Co. v. Commissioner
Docket No. 75005.
United States Tax Court
T.C. Memo 1960-15; 1960 Tax Ct. Memo LEXIS 273; 19 T.C.M. (CCH) 94; T.C.M. (RIA) 60015; February 12, 1960
*273 Petitioner, a dissolved corporation, leased certain lands from its sole shareholder. The leases provided that petitioner should maintain certain improvements to the land. Petitioner expended sums in maintaining the improvements, capitalized and amortized the sums ratably over the periods of the leases, but upon dissolution had unamortized balances. Held, petitioner may not deduct as losses in the year of liquidation the unamortized costs of leasehold improvements. Harry C. Weeks, Esq., Fort Worth National Bank Building, Fort Worth, Tex., for the petitioner. David E. Mills, Esq., for the respondent. BLACK Memorandum Opinion BLACK, Judge: The respondent has determined a deficiency in petitioner's income tax for the period April 1, 1956, to January 31, 1957, in the amount of $6,936.28. All the issues presented by the pleadings, except one, have been settled by the stipulation which has been filed. The sole issue now presented is whether petitioner may deduct as losses in the period of its liquidation unamortized portions of expenditures representing the cost of improvements to leaseholds of which its sole shareholder was lessor. All of the facts are stipulated and are incorporated *274 herein by this reference. They may be summarized as follows: Tom L. Burnett Cattle Company (hereinafter referred to as petitioner) was a Texas corporation engaged in cattle raising and ranching. It was dissolved and completely liquidated in January 1957, having ceased operations on December 31, 1956. At the date of its dissolution, George T. Halsell, Anne V. Burnett Windfohr (hereinafter referred to as Anne) and Cora Andrews constituted its board of directors, and were, respectively, its president, vice president, and secretary-treasurer. At the date of the dissolution, Anne was the owner of all of the outstanding capital stock of petitioner. Petitioner's final tax return was for the period beginning April 1, 1956, and ending January 31, 1957, and was duly filed with the district director of internal revenue at Dallas, Texas. The ranching operations of petitioner were conducted on leased lands. Approximately 107,065.45 acres of these lands were in Hardeman, Cottle, and Foard Counties, Texas, and belonged in fee to Anne. Approximately 25,838.74 acres of these lands were in Wichita County, Texas. In the Wichita County lands Anne owned an undivided one-half interest and the estate of *275 S. B. Burnett, deceased, owned the remaining one-half interest. Prior to July 1, 1948, Anne was the lessee in a grazing lease from the estate of S. B. Burnett, deceased, covering the one-half interest in the Wichita County lands owned by the estate of S. B. Burnett, deceased. On July 1, 1948, Anne, joined by her husband, executed a grazing lease to petitioner covering all of the lands in Hardeman, Cottle, Foard, and Wichita Counties for a period of 5 years with a renewal option of 5 additional years. Prior to the expiration of the 5-year term of the grazing lease on June 30, 1953, and in accordance with the provisions thereof, petitioner gave the required notice in writing so that such grazing lease was extended by its own terms for 5 years to June 30, 1958. This lease provided, inter alia: "II. "That Lessee [petitioner] will well and punctually pay all rents in the manner and form hereinafter specified, and that the premises on the date of the expiration of this lease will be in as good condition as when received, reasonable wear and tear thereof excepted, it being understood and agreed that Lessee shall keep the fences, windmills, stock tanks, and other facilities in as good repair *276 as they were when Lessee assumed possession of the demised premises under this lease." On July 1, 1948, Anne (who was the sole heir and devisee of Tom L. Burnett and independent executrix of his estate) held a grazing lease from the estate of S. B. Burnett, deceased, upon the one-half interest in the Wichita County lands which were then owned jointly and equally by her and by the estate of S. B. Burnett, deceased. On that date Anne, joined by her husband, assigned the grazing lease to petitioner who continued to own same until its liquidation and dissolution as aforesaid. The lease thus assigned provided "that Lessee shall keep the fences in good repair." In the period April 1, 1956, to December 31, 1956, petitioner installed windmills and watering tubs on the lands in Foard County, Texas, which it held under grazing lease from Anne, expending $892.91 for windmills and $228 for watering tubs. The watering tubs were of concrete and permanently installed on the leased premises, and the windmills were affixed to the soil in the ordinary manner. Petitioner deducted these amounts as expenses in its income tax return for the period April 1, 1956, to January 31, 1957. In determining the deficiency *277 here involved, the respondent disallowed these deductions and allowed amortization with respect thereto. The petitioner concedes that the sums were correctly disallowed and treated as capital expenditures. On or about September 1, 1952, petitioner expended for fences on the leased premises the sum of $15,750, which, in the final adjustments of petitioner's income tax liability for the tax periods in which expenditure was made, was capitalized and not allowed as an expense or other deduction in computing petitioner's taxable income for that period. Likewise, on or about May 1, 1953, petitioner expended $6,913.35 for fences on the leased premises, which amount also, in the final adjustment of petitioner's income tax liability for the period in which expenditures were made, was capitalized and not allowed as an expense or other deduction in computing petitioner's taxable income for that period. For the taxable periods ended prior to March 31, 1956, petitioner was allowed deductions for amortization with respect to these expenditures totaling $9,675 and $3,902.80, respectively, leaving an unamortized balance of the expenditures at April 1, 1956, of $6,075 and $3,010.55, respectively, which *278 amounts petitioner deducted in full in computing its taxable income for the period April 1, 1956, to January 31, 1957. In determining the deficiency here involved, respondent allowed amortization with respect to the balance of the expenditures amounting to $2,025 and $1,003.55, respectively, and disallowed the remainder of the sum claimed by petitioner in the amount of $6,057. Petitioner contends that the unamortized portions of expenditures for windmills, watering tubs, and fences erected upon lands of its sole shareholder leased to petitioner are deductible as losses under section 165(a) [1] of the 1954 Code [2] in the year of petitioner's dissolution. Respondent contends that only those portions which would annually be deductible if petitioner continued its operations are allowable deductions. Although it first contested, petitioner now concedes that the costs of these improvements to leaseholds are capital expenditures which can only be recovered *279 by amortization over the periods of the leases. Duffy v. Central R.R., 268 @U.S. 55; section 178(b). As such, the expenditures represent the cost of income-producing assets, and normally such unamortized balances must be deducted, if at all, upon the dissolution of a taxpayer. , affirming . Where, however, an income-producing asset is distributed to shareholders upon liquidation, the rule is that no deduction for the loss of an unamortized balance of the cost of such asset may be taken by the liquidating corporation. , affirming a Memorandum Opinion of this ; . Here, the net effect of the petitioner's actions in liquidation was to distribute its lease and all capital assets appertaining to it to its sole shareholder and lessor. Cf. . Cases [3] cited by petitioner which involve the deduction of organization expenses or unamortized balances of capitalized expenses of incurring liabilities are inapplicable to the instant case. Although factually different, this case is indistinguishable in principle *280 from and controlled by the Wolan, Cooper Foundation, and Plaza Investment Co. cases, all supra. See also section 336. [4]
We hold, therefore, that petitioner may not deduct as losses the entire unamortized balance of the cost of leasehold improvements, and sustain respondent's determination of the allowable deductions with respect thereto. Decision will be entered under Rule 50. Footnotes
1. SEC. 165. LOSSES. (a) General Rule. - There shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise. ↩
2. All section references herein are to the Internal Revenue Code of 1954.↩
3. ; ; ; . ↩
4. SEC. 336. GENERAL RULE. Except as provided in section 453(d) (relating to disposition of installment obligations), no gain or loss shall be recognized to a corporation on the distribution of property in partial or complete liquidation.↩